UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

Dulcie Austin,

Plaintiff,

v.

Garfield County, Colorado,

Defendant.

**COMPLAINT AND JURY DEMAND**

COMES NOW the Plaintiff, Dulcie Austin, and for her Complaint & Jury Demand states:

**I.  INTRODUCTION**

1. This civil action is brought by Plaintiff Dulcie Austin ("Plaintiff" or "Ms. Austin"). Ms. Austin was hired by the Defendant Garfield County, Colorado ("Defendant") to work as a Manager who Supervised Case Workers and Social Workers. Ms. Austin's case is brought pursuant to the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621, et seq. ("ADEA"); Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"); Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. 12111, et seq., and Title V, Section 503 of the Act, 42 U.S.C. 12203 ("ADA"); and the Colorado Anti-Discrimination Act ("CADA"). Ms. Austin was, at all times relevant, a citizen and resident of the State of Colorado. This mixed motive case is factually based upon the Defendant's pattern and practice of

discrimination, harassment, and retaliation. As set forth more fully below, Ms. Austin alleges that the Defendant discriminated and harassed her because an of her age, gender, and disability; and the Defendant retaliated against her when she complained of the discrimination, harassment, and retaliation in violation of applicable antidiscrimination and retaliation laws.

## II.  JURISDICTION AND VENUE

2. This Court has jurisdiction in that this case is brought pursuant to 29 U.S.C. § 621, et seq.; 42 U.S.C. § 2000e et seq.; and 42 U.S.C. 12111, et seq. Jurisdiction over the Plaintiff's claims is invoked pursuant to 42 U.S.C. § 2000e-5, 42 U.S.C. § 12117, and 28 U.S.C. § 1331; The Equal Pay Act of 1963; and supplemental jurisdiction pursuant to 28 U.S. Code § 1367.

3. Venue is proper in that all the employment practices alleged to be unlawful were committed within the State of Colorado.

## III.  PARTIES

4. Ms. Austin is a female with known disabilities who was over 40 years old at all times relevant.

5. Plaintiff is and at all times relevant was a resident of the State of Colorado. She was hired by Defendant in or about September, 2014.

6. Plaintiff was within the protected class of persons under the ADEA, ADA, Title VII and the CADA at the times that she was subjected to discrimination, harassment, disparate treatment, and retaliation.

7. The Defendant was Ms. Austin's "employer" as defined by or applicable to the ADEA, ADA, Title VII and the CADA. Ms. Austin filed charges of discrimination with the EEOC in or about January, 2020, which was within 180 days of the date that Ms.

Austin was informed that she was going to be terminated, which, upon information and belief, was on or about July 23, 2019.   The U.S. Department of Justice Civil Rights Division issued Ms. Austin a "NOTICE OF RIGHT TO SUE WITHIN 90 DAYS" Letter dated January 25, 2021 pursuant to Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. 12111, et seq., and, Title V, Section 503 of the Act, 42 U.S.C. 12203.  On January 25, 2021 the U.S. Department of Justice issued a second "NOTICE OF RIGHT TO SUE WITHIN 90 DAYS" letter pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq.  This complaint is being filed with this Court within 90 days of receipt of the aforementioned notices, as is required thereby.

       8.      The Defendant employed more than 25 employees.

       9.      At all times relevant, Plaintiff was qualified for her position as a Manager.

      10.     At all times relevant, Plaintiff had been performing her job satisfactorily.

### IV.  GENERAL ALLEGATIONS

      11.     During Ms. Austin's employment with the Defendant, she was subjected to a pattern and practice of discrimination, harassment and retaliation because of her age, gender, and disability.

      12.     Upon information and belief, Defendant employees who were not in the protected age group, who were not of her gender and were not disabled received more favorable treatment than Ms. Austin with respect to working conditions, pay, other terms and conditions of employment.

13. Upon information and belief, Ms. Austin received less favorable treatment than other employees of the Defendant who were not of age, gender and who had disabilities.

14. Plaintiff was subjected to an atmosphere that condoned and encouraged discrimination against her based upon her gender, age, and disability, and she frequently faced hostile working environments.

15. When Ms. Austin complained about the discrimination, harassment, and hostile work environment, she faced retaliation,

16. The discrimination, harassment and retaliation to which Ms. Austin was subjected included:

a. On July 10, 2019, Ms. Austin was wrongfully placed on paid administrative leave and was wrongfully terminated on or about July 23, 2019

b. The Defendant wrongfully and inappropriately claimed that Ms. Austin was terminated as a result of a complaint filed by a client that was being assessed for child abuse and neglect. The client complaint lacked merit. The client went on to file charges of discrimination with the Civil Rights Commission, which Ms. Austin understood were filed because a Garfield County Director and Administrator did not follow-up with the client. To the extent of Ms. Austin's knowledge, no disciplinary action was taken against the Director and/or Administrator who had failed to follow up. Prior to being terminated, Ms. Austin had already received a verbal reprimand for allegedly having been unnecessarily harsh with the client in a Family Engagement Meeting. Additionally, Mr. Lawson and other Managers had also been alleged by clients and staff to be harsh in Family Engagement Meetings during the same time

period and they were not sanctioned or reprimanded.  Ms. Austin was essentially made the scape goat or fall person.

c.  One of the Defendant's motivations for Ms. Austin's termination was retaliation because of her past claims of hostile work environment; and because Ms. Austin had refused to participate in the attempts to terminate her Lead Caseworker, Tracy Kahl, who was at 69 years old at the time.  In or about March and April of 2019, Ms. Austin was informed by Garfield County management that the motivation behind the attempted termination of Ms. Kahl through forced retirement was because of Ms. Kahl's age. Ms. Austin voiced her concern about and objected to the age discrimination that was taking place and refused to participate in it.

d.  The Defendant Garfield County violated the Equal Pay Act, and discriminated against Ms. Austin because of her gender, female, by paying a male counterpart, Manager Jeff Lawson, who did not have Ms. Austin's experience or skill, at a higher rate of pay than Ms. Austin. Ms. Austin and her male counterpart were hired at about the same time and for the same position in 2014.  In addition, Ms. Austin was terminated while the less skilled male employee was not terminated, thereby further discriminating against Ms. Austin based upon her sex.

e.  Ms. Austin complained to management about her male counterpart who was hired the same year (2014) in which Ms. Austin was hired, because he was sabotaging her work and continually harassing Ms. Austin and creating a hostile work environment, including by pulling headsets off her staff; making fun of the way that Ms. Austin walked due to her disability; and other harassing conduct.  The Defendant's management refused to take action against the male counterpart who was not disabled

for his harassing, disparaging and discriminatory conduct. Instead, Defendant's management gave Ms. Austin's male counterpart larger pay raises than were given to Ms. Austin and retaliated against Ms. Austin for complaining about the hostile work environment created by her male counterpart by providing Ms. Austin with lower pay raises and otherwise retaliating against her.

f.  The Defendant further discriminated against Ms. Austin because of her gender and disability in favoring her male counterpart by:

i.  Not assigning him front line staff due to concerns regarding his questionable decision-making abilities and his desire not to have to work long hours like the rest of the Managers, through September 2018.

ii.  Further favoring her male counterpart by having him supervise office staff, hotline Case Managers and the supervised visitation program. By comparison, Ms. Austin was required to supervise front line Caseworkers and court cases as well as the Family Engagement Program and staff which were significantly more difficult assignments.

iii.  While her male counterpart was assigned the less stressful and easier supervisory responsibilities, he wrongfully received consistently higher performance evaluation scores than Ms. Austin at a time when she was required to perform work that Mr. Lawson, her male counterpart, was deemed unfit for.

iv.  During the last 9 months of Ms. Austin's employment, her male counterpart Mr. Lawson was forced to work with front line case workers so that the workload could be more balanced for all. Mr. Lawson was not pleased with this decision and began a harassment campaign against Ms. Austin that included

inappropriate comments directed towards Ms. Austin, sabotaging Ms. Austin's programs, publicly humiliating Ms. Austin, and her staff and generally creating a hostile work environment. Ms. Austin notified Garfield County management about the harassing and inappropriate behavior of her male counterpart on several occasions, to no avail.

v. In November 2018, Ms. Austin further complained of the hostile work environment in a meeting attended by Garfield County management. Garfield County management listened to Mr. Lawson's concerns about his reputation being tarnished but refused to listen to Ms. Austin's complaints regarding the hostile work environment. In retaliation, Ms. Austin was sanctioned in performance pay, harshly disciplined and shamed by Garfield County Management.

vi. In December of 2018, Ms. Austin was sanctioned in her performance pay, and was harshly disciplined and demeaned when she again raised the fact that Mr. Lawson had been creating a hostile work environment. Because Garfield County Management had a long history of retaliation against Ms. Austin, Ms. Austin quickly retracted her claims even though she was informed, upon information and belief, that they were found to be true in an investigation conducted by Garfield County Human Resources.

vii. Garfield County management not only failed to address the foregoing issues with Mr. Lawson, but Ms. Austin learned that her male counterpart was, upon information and belief, given a larger pay increase than she was.

g. Additional Disability and/or gender discrimination and retaliatory against Ms. Austin by the Defendant included:

i. Ms. Austin was denied accommodations, and her termination was motivated, in substantial part, because of her disabilities and the Defendant's refusal to reasonably accommodate Ms. Austin.

ii. Garfield County Management discriminated against and harassed employees with disabilities, including Ms. Austin. The harassment and discrimination included Garfield County management asking Ms. Austin for her medication list, proof of her disabilities and documentation about Rheumatoid Arthritis.

iii. Garfield County management had made it part of a plan that Ms. Austin complete a master's in social work program at her own expense, which was included in her performance evaluations and was discriminatory. By comparison, Ms. Austin's male counterpart, Jeff Lawson, who did not have a disability, had the same educational status as Ms. Austin and was not requested or required to further his education at his own expense.

iv. Having been part of the Defendant's Management Team, Ms. Austin became aware of many of the Defendant's hiring and firing practices. Ms. Austin observed that Garfield County management had the objective or goal of taking discriminatory action against employees with disabilities so that they would "get out of here".

17. As a consequence of the unlawful discrimination, harassment and retaliation willfully and wantonly perpetrated by the Defendant, including wrongfully

terminating her, Ms. Austin has suffered substantial harm and damage, both economic and non-economic, including but not limited to lost wages, lost benefits, damage to her career and future, lost earning capacity, and other harm and damage.

18.     Ms. Austin seeks to recover compensatory and punitive/liquidated damages in the greatest amounts lawfully recoverable in that the Defendant's conduct was willful, wanton and/or in reckless disregard of the rights or sensibilities of Ms. Austin.  Plaintiff also seeks to recover past and future economic/pecuniary damages and losses, including lost wages, lost benefits and perquisites of employment, harm and damage to her career and future, emotional pain, suffering, embarrassment, shame, humiliation, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses, including as outlined elsewhere herein.  Plaintiff seeks appropriate equitable relief. Plaintiff is also seeking attorney's fees, costs, interest, expert witness fees and costs, and all other compensation and amounts as are lawfully recoverable.

### FIRST CLAIM FOR RELIEF
### (Sex/Gender Discrimination and Harassment in Violation of Title VII & the CADA)

19.     Plaintiff hereby incorporates all other allegations of this Complaint and Jury Demand as though fully incorporated herein.

20.     Defendant knowingly and intentionally engaged in a pattern and practice of discrimination and harassment against Plaintiff because of her gender, and, as a result of the Plaintiff's opposition of unlawful discrimination, examples of which are as set forth above. In addition, Ms. Austin was subjected to other discriminatory, harassment and unlawful treatment.

21.     Ms. Austin was subjected to disparate treatment and retaliation as a result of her gender/sex; and her opposing unlawful discrimination, including as outlined

herein-above. A determining and motivating factor in the Defendant's treatment of Plaintiff was her gender/sex. As a result, the Defendant deprived Ms. Austin of her lawful rights in violation of Title VII and the CADA.

22. The male employee who was her counterpart was not subjected to the same or similar adverse treatment as Plaintiff.

23. Defendant knowingly and intentionally engaged in a pattern and practice of discrimination and harassment against the Plaintiff. The acts of the Defendant were in willful, wanton and/or reckless disregard of the rights or sensibilities of Plaintiff and have caused harm, damage, and great suffering to Plaintiff.

24. Upon information and belief, Plaintiff was wrongfully discharged as a result of the Defendant's unlawful conduct.

25. Plaintiff has suffered and will continue to suffer economic losses due to the unlawful conduct set forth above, as well as non-economic injuries, including emotional harm and distress.

**SECOND CLAIM FOR RELIEF**
**(Disability Discrimination and Harassment**
**in Violation of the ADA & the CADA)**

26. Plaintiff hereby incorporates all other allegations of this Complaint and Jury Demand as though fully incorporated herein.

27. Plaintiff was, at all times relevant, disabled or perceived as disabled within the meaning of the ADA and covered by the ADA and the CADA.

28. At relevant times, Plaintiff was qualified for her job with Defendant because she could perform all of the essential functions of her job with or without reasonable accommodation.

29. The Defendant knowingly and intentionally engaged in a pattern and practice of discrimination against Plaintiff because of her disability and as a result of Plaintiff opposing unlawful discrimination, including as set forth above; and other discriminatory and unlawful treatment.

30. Plaintiff was subjected to disparate treatment and retaliation as a result of her disability, and Plaintiff's opposing unlawful discrimination, including as outlined herein-above. A Determining and co-motivating factor in the Defendant's treatment of Plaintiff was her disability.

31. Employees of the Defendant who were not disabled were not subjected to the same or similar adverse treatment as Plaintiff.

32. The Defendant knowingly and intentionally engaged in a pattern and practice of discrimination against Plaintiff. The acts of the Defendant were in willful, wanton and/or reckless disregard of the rights or sensibilities of Plaintiff, and have caused harm, damage and great suffering to Plaintiff.

33. Plaintiff has suffered and will continue to suffer economic losses due to the discriminatory conduct set forth above, as well as non-economic injuries, including emotional harm and distress.

34. The acts of the Defendant were in willful, wanton and/or reckless disregard of the rights or sensibilities of Plaintiff, causing harm, damage and great suffering by Plaintiff. In addition, Plaintiff has suffered lost wages, lost benefits, and other perquisites of employment.

## THIRD CLAIM FOR RELIEF
**(ADEA Retaliation & Violation of the CADA)**

35. Plaintiff hereby incorporates all other allegations of this Complaint and Jury Demand as though fully incorporated herein.

36. Plaintiff was retaliated against by the Defendant for opposing and refusing to support and cooperate with the unlawful discrimination against an older worker when the Defendant sought the assistance and support of Plaintiff in terminating an older employee because of the older employee's age.

37. The adverse treatment of Plaintiff as set forth in her complaint, and her termination, was motivated in substantial part by Ms. Austin opposing unlawful age discrimination as described above.

38. The acts of the Defendant were in willful, wanton and/or reckless disregard of the rights or sensibilities of Plaintiff, causing harm, damage and great suffering by Plaintiff.  In addition, Plaintiff has suffered lost wages, lost benefits, and other perquisites of employment.

## FOURTH CLAIM FOR RELIEF
### (Equal Pay Act & CADA Violation)

39. Plaintiff hereby incorporates all other allegations of this Complaint and Jury Demand as though fully incorporated herein.

40. Plaintiff was compensated at a lower rate of pay and received smaller pay raises than her male counterpart who was less capable and not as skillful as she was, for her performing substantially equal work, and more.

41. Plaintiff and her male counterpart performed jobs that required substantially equal skill, effort and responsibility performed under similar working conditions

42. The Defendant willfully, wantonly, and intentionally violated the Equal Pay Act to the financial harm and detriment of Plaintiff, thereby entitling Plaintiff to recover damages in accordance with the remedies available pursuant to the Equal Pay Act and the CADA.

**WHEREFORE**, Plaintiff respectfully requests that the Court enter judgment in her favor and against Defendant, and award the following relief:

a. Enjoin Defendant from engaging in discriminatory conduct barred by Federal law and place the Plaintiff in a position with the Defendant to which she should have been promoted, with full seniority, benefits and perquisites of employment; or alternatively, that Plaintiff be awarded appropriate front pay and benefits through retirement; and require that the Defendant begin a program of sensitivity training and the Court appoint an independent third party to undertake education and training, including sensitivity training, relative to anti-discrimination; that this Court undertake to monitor, or appoint an independent third party to monitor the future EEO compliance of the Defendant; and order other appropriate equitable relief including injunctive and/or declaratory relief;

b. Compensatory and consequential economic and non-economic damages, including back pay and benefits and perquisites of employment, and in the event the Defendant should refuse to hire Plaintiff, for appropriate front pay;

c. Punitive and/or liquidated damages as may be allowed by law;

d. Pre-judgment and post-judgment interest at the highest lawful rate;

e.	Attorneys' fees and costs of this action, including expert witness fees, as appropriate; and

f.	Any such further relief as justice allows.

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE.**

Respectfully submitted this 10th day of March 2021.

Andrew T. Brake, P.C.

By: *s/Andrew T. Brake*
Andrew T. Brake, Reg. No. 12021
3615 S. Tamarac Drive, Suite 200
Denver, CO  80237
Phone:303-806-9000
Fax: 888-236-7709
atbrake@gmail.com
Attorney for Plaintiff